UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS BENITEZ, JR., <br><br> Petitioner, <br><br> v. <br><br> JAMES KEY, <br><br> Respondent. | Case No. C16-1686RSL <br><br> ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

This matter comes before the Court on a habeas petition brought by Carlos Benitez, Jr. pursuant to 28 U.S.C. § 2254. Dkt. # 1. Magistrate Judge James P. Donohue prepared a Report and Recommendation (R&R), Dkt. # 19, to which petitioner filed objections, Dkt. # 24. After considering the memoranda and evidence submitted by the parties, and the remainder of the record, the Court adopts the R&R and DENIES the petition.

This case's factual and procedural background is extensively set forth in the decision by the Washington Court of Appeals, State v. Benitez, 172 Wn. App. 1018 (2012), and the R&R, Dkt. # 19 at 2–4. To summarize, petitioner was apprehended when police searched the house of Able Cantu, Jr., and found a large cache of drugs, guns, and stolen property. Benitez lived in the garage where most of the illegal activity took place. Based on extensive evidence tying Benitez to the garage and contraband, a jury convicted him on seventeen counts related to gun possession and distribution of heroin, cocaine, and ecstasy. After unsuccessful direct and collateral appeals in state court, Benitez filed the instant petition.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

Under the Antiterrorism and Effective Death Penalty Act, the Court will not grant relief unless Benitez's case resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, . . . [or] was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). To be an unreasonable application of federal law, the Court must be convinced the state court's decision was not just incorrect, but actually objectively unreasonable. Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

Benitez's objections most prominently feature his claim that his trial attorney was constitutionally ineffective because her representation of Sonia Flores, a local landlord, created an impermissible conflict of interest. See Cuyler v. Sullivan, 446 U.S. 335, 348 (1980) (requiring that "an actual conflict of interest adversely affected [trial counsel's] performance" to justify relief). Benitez asserts Flores could have testified that he lived in one of her apartments instead of Cantu's garage. He argues his attorney chose not to call Flores because of charges Flores was facing for stealing tenants' rent. The Court agrees with the R&R that Benitez fails to show how Flores's testimony would have materially altered his defense. The evidence he cites is tenuous, and even if it showed a connection to Flores's apartments, it would not undermine the extensive evidence linking him to the garage and the contraband inside.[1] The Court agrees with the R&R's conclusion that the rejection of Benitez's claim did not involve an objectively unreasonable application of federal law or an unreasonable determination of the facts.

For Benitez's remaining claims, the Court likewise agrees with the R&R's determinations that the adjudication of those remaining claims did not involve an objectively unreasonable application of federal law or an unreasonable determination of the facts.

For the foregoing reasons and based on the Court's review of the petition, response, R&R, and objections, the Court hereby finds and ORDERS:

---

[1] Cantu's fiancée testified that Benitez showered there, did laundry there, and slept in the garage. Dkt. # 12, Ex. 32 at 318–25. An informant who aided the drug investigation testified that Benitez cared for the garage, consummated drug transactions there, facilitated drug use there, and participated in the sale of weapons there—including the sale of a machine gun. Dkt. # 12, Ex. 31 at 389–413. An investigator also found a ledger bearing Benitez's name that detailed transactions involving drugs and stolen property. Dkt. # 12, Ex. 34 at 691–95.

(1) The Court ADOPTS the Report and Recommendation;

(2) Petitioner's petition for writ of habeas corpus is DENIED without an evidentiary hearing, and this action is DISMISSED with prejudice;

(3) In accordance with 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED with respect to all grounds for relief asserted in this federal habeas action; and

(4) The Clerk is directed to send copies of this Order to the parties and to Judge Donohue.

DATED this 22nd day of February, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge